[Civ. No. 42244. Second Dist., Div. Four. May 21, 1974.]

LYNN WOOD, Plaintiff and Appellant, v.
ALLEN LOWE et al., Defendants and Respondents.

## Counsel

Steven Edmondson for Plaintiff and Appellant.

Shapiro, Posell & Pilling and Mitchell S. Shapiro for Defendants and Respondents.

## Opinion

**KINGSLEY, J.**—Plaintiff brought suit against defendants on two alleged causes of action—one for conversion of two pieces of jewelry and one for damages based on a course of conduct toward her by defendants. Defendants pled, by way of answer,[1] that plaintiff was not a proper party plaintiff in that she had been adjudicated a bankrupt,[2] had not scheduled the alleged causes of action therein and had never secured an abandonment thereof by the trustee. On motion of defendants that defense was heard, by the trial court sitting without a jury, purportedly under section 597 of the Code of Civil Procedure. A certified copy of the docket sheet in the bankruptcy proceeding of the United States District Court was introduced. That exhibit admittedly does not show any formal order authorizing abandonment or authorizing plaintiff to maintain the present action; it is silent as to the assets listed in the schedules.[3] At the section 597 hearing, plaintiff offered to prove, by the testimony of the trustee in bankruptcy, that he had had actual knowledge of the existence of the alleged causes of action and had taken no steps to prosecute them. The offer was peremptorily rejected, the trial court taking the position that the docket sheet proved, as a matter

---

[1]The answer also contained a general denial and asserted a defense under the statute of limitations. Because of the trial court's determination of the affirmative defense herein considered, neither of those issues was reached. If, on remand, plaintiff defeats the motion herein involved, those matters, of course, will remain for trial.

[2]The fact of the bankruptcy proceedings was never in issue; in any event the one exhibit introduced in the trial court amply proved that allegation.

[3]In a supplemental memorandum filed with this court, defendants tender certified copies of the schedules, which do show that the assets herein involved were not scheduled. We treat that tender, although not in proper form, as being in effect a request that this court take judicial notice thereof under subdivision (d) of section 452 of the Evidence Code.

Although, in the view which we take of the case, the fact sought to be proved by that document is not determinative of the appeal, it is material in setting the background for the issues which we deem determinative. Under the circumstances, we exercise our discretion to treat the tendered document as part of the record on which we act.

of law, that plaintiff had no capacity to sue. Thereafter, plaintiff procured from the referee in bankruptcy an order reading as follows:

"AT LOS ANGELES, IN SAID DISTRICT, ON THE 28TH DAY OF APRIL, 1972:

"Upon reading the application of the bankrupt, Lynn Wood, and an examination of the file herein, and being advised that the Trustee has consented to the proposed form of the order sought herein and has stipulated that the application has merit solely conditioned upon the form of the order presented, and that it is to the best interests of the bankruptcy estate and those interested therein, and that no adverse interest is represented;

"ORDERED, that the Trustee Joel Mithers, be and he hereby is, authorized and empowered to allow the continued prosecution of that certain Los Angeles Superior Court action No. WE C 19287 (Lynn Wood v. Allen Lowe, et al.) to be conducted and continued in the name of the bankrupt alone and to cause a certified copy of this order to be lodged with the State Court in the said action, without substitution or joinder of Joel Mithers as Trustee as either plaintiff or defendant in said action;

"IT IS FURTHER ORDERED, that the authority of the bankrupt to have filed the action referred to in the first instance subsequent to the date of adjudication and the authority of the Trustee to thereafter have allowed its prosecution in the name of the plaintiff Lynn Wood alone without attempted substitution, be, and the same hereby is, confirmed.

"IT IS FURTHER ORDERED, that from the proceeds of judgment upon the first cause of action of the complaint in said action, and exclusive of any claim to punitive damages on either cause of action, that there be paid to the Trustee one-third of the net proceeds of any judgment upon said first cause of action in full satisfaction of all claims by the Trustee in said action."

By various methods, plaintiff sought to bring the order to the attention of the trial court and to secure a reversal of the original order adverse to her. All efforts were futile and she has appealed from the order dismissing her action.

## I

It is agreed that, except under circumstances not shown to exist here, all causes of action possessed by a bankrupt vest in the trustee and that, absent an "abandonment," only he can prosecute them.

It is also agreed that the trustee, under certain circumstances, may abandon an asset and, thereby, revest title to it, and rights concerning it, in the bankrupt. That power is peculiarly important where, as here, the "asset" involved is a cause of action, requiring litigation in order to reduce it to possession. In such a case, the trustee, in pursuance of his overall duty to conserve and protect the estate, must consider the probable costs of such litigation, the value to be recovered if the litigation is successful, and the probability of such success.

The problem herein involved is whether there was an abandonment of the alleged causes of action by the trustee. ■ Abandonment involves two, and possibly three, elements: knowledge by the trustee of the existence of the alleged cause of action; an intent by him to abandon it; and (perhaps) a formal order of the bankruptcy referee authorizing the abandonment.

## II

Without doubt, if an asset is concealed by the bankrupt no "abandonment" of such unknown assets is possible. At the other extreme, if the asset is duly listed in bankruptcy schedules, knowledge by the trustee of its existence is clear. Defendants take the position that scheduling is not only the preferable but the only way in which knowledge by the trustee may be shown. We disagree. ■ Although there is authority to the contrary,[4] we believe the better view to be that knowledge of the existence of an asset may be shown by evidence other than the bankruptcy schedules.[5] It follows that, as to the issue of knowledge, the trial court erred in rejecting peremptorily plaintiff's offer of proof by the testimony of the trustee.[6]

## III

The second element—i.e., intent by the trustee to abandon—presents a more difficult problem. Where the asset is a piece of physical property, the cases have had little difficulty in finding such intent by the conduct of the trustee in not reducing the asset to possession. And in *Beck* v. *Unruh* (1951) 37 Cal.2d 148 [231 P.2d 13], an intent to abandon a physical asset

[4]*In re Thomas* (7th Cir. 1953) 204 F.2d 788; *Fazakerly* v. *E. Kahn's Sons Co.* (5th Cir. 1935) 75 F.2d 110.

[5]Cf. *Hermsmeyer* v. *A.L.D., Inc.* (D.Colo. 1964) 239 F.Supp. 740, 741; *Grauman* v. *City Co. of New York* (S.D.N.Y. 1941) 113 F.Supp. 437; *In re Webb* (4th Cir. 1932) 54 F.2d 1065; *Duvall* v. *Eck* (Tex.Civ.App. 1950) 226 S.W.2d 650.

[6]We note that, at least by the date of the referee's order above quoted, the trustee clearly had notice of the existnce of the asset.

was found in the fact that the trustee neither disposed of the asset nor discharged a tax lien imposed on it.

■ However, the authorities are mixed as to what showing can be made regarding the intent to abandon an asset which consists of a cause of action —an asset which by its nature is not susceptible of being reduced to physical possession. Defendants argue, supported by the cases hereinafter cited,[7] that such an intent may be shown only by a formal application by the trustee to the referee for authority to abandon. We disagree. As with showing knowledge of an asset by its listing in schedules, so here, a formal document is the preferable way of making the showing of intent but we see no reason why other evidence of that intent—including, but not necessarily limited to, statements by the trustee or communications from him— should not be good evidence.

## IV

Interconnected with the element of intent to abandon is the element of approval of abandonment by formal act of the referee. Again, that is the preferable mode of procedure and substantial authority exists for the proposition that, no matter what knowledge a trustee may have and no matter what his intent may be, he cannot abandon an asset without the approval of the referee.[8] ■ We do not decide that issue here because we conclude that, assuming that a referee's order was essential, that element was supplied by the order approving plaintiff's suit hereinabove referred to.

Defendants' position is that an order for abandonment, to be effective, must precede the institution of the action and, in any event, must precede final judgment.

As to the first contention, the authorities are against defendants. If a bankrupt initiates an action in his own name, a trustee who had not intended to or had not abandoned the asset may intervene in the action or may move to be substituted as party plaintiff.[9] It follows that action by a trustee and a referee need not, in all cases, precede the filing of the action.

---

[7]See foonote 8, *infra*.

[8]That an order is required: *In re Ira Haupt & Co.* (2d Cir. 1968) 398 F.2d 607, 613; *Dallas Cabana, Inc.* v. *Hyatt Corporation* (5th Cir. 1971) 441 F.2d 865, 867; *Schmidt* v. *Esquire, Inc.* (7th Cir. 1954) 210 F.2d 908, 913.

That an order is not necessarily required: *First Natl. Bank* v. *Lasater* (1905) 196 U.S. 115 [49 L.Ed. 408, 25 S.Ct. 206]; *In re Webb, supra* (4th Cir. 1932) 54 F.2d 1065; *Abandonment of Assets by a Trustee in Bankruptcy* (1953) 53 Colum.L.Rev. 415, 420.

[9]See the discussion in the Collier Bankruptcy Manual, section 11 et seq.

We are cited to no direct authority on the second contention and our research has found none. As far as the record before us shows, a certified copy of the referee's order was filed in the trial court on April 28, 1972, one month before judgment was entered on May 26, 1972, although 20 days after the trial court's minute order had announced its intent to hold for defendants. The record also indicates that, at some time before judgment, plaintiff had moved to reopen the trial and that that motion was denied on May 10, 1972, also prior to judgment. In that state of record we cannot, and do not, find that the referee's order was not before the court prior to judgment.

The only analogy that we can find lies in the cases dealing with litigation by a corporation whose corporate powers were suspended for nonpayment of franchise taxes. In that situation, the California law is clear. The filing of a certificate of revival operates retroactively and the litigation, theretofore filed, may proceed.[10] We see no reason why that same rule should not apply here. Once it is clear that the trustee has knowledge of the asset, has decided to abandon it, and has secured the approval of the referee, the bankrupt should be allowed to continue his prosecution of his lawsuit. If delay in securing a formal order has caused a defendant expense, the remedy is an assessment of costs, not a dismissal.

V

In her motion for a new trial, and in her briefs here, plaintiff contends that the causes of action involved were "exempt property," not passing to the trustee in any event. That contention was not made at the hearing in the trial court; it comes too late here. On remand, the parties are, of course, free to litigate it if they then so desire.[11]

The judgment is reversed; the case is remanded for further hearings consistent with this opinion.

Jefferson, Acting P. J., and Dunn, J., concurred.

On June 17, 1974, the opinion was modified to read as printed above.

---

[10]*Diverco Constructors, Inc.* v. *Wilstein* (1970) 4 Cal.App.3d 6 [85 Cal.Rptr. 851]; *Traub Co.* v. *Coffee Break Service, Inc.* (1967) 66 Cal.2d 368, 370 [57 Cal. Rptr. 846, 425 P.2d 790].

[11]We express no opinion as to whether plaintiff has taken the procedural steps necessary to preserve her rights to exempt property. Cf. 26 So.Cal.L.Rev. 87 (1952) and authorities there cited.