[Civ. No. 50002. Second Dist., Div. Four. Feb. 15, 1978.]

HIGHLANDERS, INC. et al., Plaintiffs and Appellants, v.
BARBARA R. OLSAN et al., Defendants and Respondents.

## COUNSEL

Harlan Arnold, Donald R. Colvin and Kenneth D. Sanborn for Plaintiffs and Appellants.

Loeb & Loeb, Paul L. Hoffman, Andrew S. Garb, Gendel, Raskoff, Shapiro & Quittner, Richard S. Berger, Danning, Gill, Michaelson & Gould, David Gould and Richard K. Diamond for Defendants and Respondents.

**OPINION**

JEFFERSON (Bernard), J.—In this consolidated appeal, one plaintiff, Highlanders, Inc., a California corporation, appeals from an order of dismissal made below on July 19, 1976, in favor of certain defendants named in plaintiff's third amended complaint, and both plaintiffs, Highlanders and Emanuel M. Comora, appeal from an order of dismissal made below on June 10, 1976, in favor of certain other defendants. We affirm as to one order and reverse as to the other order.

This litigation commenced on January 27, 1971, when plaintiffs, Highlanders and Comora, filed a complaint against Barbara Olsan and others, including Does I through XX, alleging a conspiracy by the defendants to force plaintiff corporation, while solvent, into involuntary bankruptcy, for the purpose of obtaining control of its assets. The corporation was adjudicated a bankrupt in 1968, and appeals have been taken from determinations of the bankruptcy court. This litigation, which has been reviewed by this court on a previous occasion in 1975, has yet to leave the pleading stage. We will present the pertinent chronology of procedural events as they materially affect each appeal.

I

*The Appeal From the Order of Dismissal*
*Made Pursuant to Code of Civil*
*Procedure Section 581a,*
*Subdivision (a)*

As indicated, the complaint was filed in 1971. Summons was not issued until May 11, 1973, and defendants Olsan and her attorney, Gerald Kleinman, were served on June 16, 1973, Kleinman being served as Doe I. The complaint was amended, and the defendants' demurrers were sustained without leave to amend, as to both plaintiffs. Both plaintiffs appealed on December 27, 1973, from the ensuing order dismissing the complaint. In an unpublished opinion filed July 1, 1975, we reversed the judgment of dismissal as to both plaintiffs. The remittitur was filed in the trial court on September 5, 1975.

On October 3, 1975, the second amended complaint was filed and summons issued against defendants Olsan, Kleinman, Kleinman's law firm of Loeb and Loeb, and a whole new phalanx of Doe defendants, the

amended complaint alleging their participation in the conspiracy set forth in the original complaint. For the purpose of clarity here, we will designate some of these defendants as the Shapiro defendants[1] and some as the Danning defendants;[2] while many other individuals and corporations were named defendants, it is these two groups of defendants who are the respondents here on the appeal from the Code of Civil Procedure section 581a, subdivision (a), order of dismissal.

The Shapiro defendants made a general appearance in the action on November 3, 1975, with a demurrer and a motion to strike. The Danning defendants made their general appearance on November 5, 1975, also filing a demurrer and a motion to strike. Summons and return of service of the second amended complaint were filed with the court on November 13, 1975.

On December 18, 1975, the trial court granted the Shapiro-Danning motions to strike the second amended complaint (which asserted similar grounds) because plaintiffs had failed to obtain leave of court before filing the second amended complaint.

On January 26, 1976, plaintiffs filed the third amended complaint, again naming, among others as defendants, the Shapiro and Danning defendants. Summons on the third amended complaint was returned on February 27, 1976. Thereafter, these defendants sought and obtained, as to them, an order of dismissal of the third amended complaint, on the ground that plaintiffs had failed to make a return of service of summons upon them within three years from the commencement of the action, as required by Code of Civil Procedure section 581a, subdivision (a).[3] It is this determination, made June 10, 1976, from which plaintiffs appeal.

■ The statutory rule requiring the return of service of summons within three years of commencement of the action has been termed

[1] These include Bernard Shapiro, an attorney; his law firm, Gendel, Raskoff, Shapiro & Quittner, a partnership; Don Rothman, the successor trustee in the plaintiff's bankruptcy, and Reuben Sklar, an accountant.

[2] These include Danning & Gill, Curtis Danning and David Gill, attorneys.

[3] Subdivision (a) of Code of Civil Procedure section 581a provides, in pertinent part: "No action . . . shall be further prosecuted, and no further proceedings shall be had therein, and all actions . . . shall be dismissed by the court . . . unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

mandatory and jurisdictional (*Gonsalves* v. *Bank of America* (1940) 16 Cal.2d 169 [105 P.2d 118]) and serves the purpose of encouraging prompt prosecution of lawsuits (*Elling Corp.* v. *Superior Court* (1975) 48 Cal.App.3d 89 [123 Cal.Rptr. 734]).

The three-year period is computed from the time the complaint is filed, despite the fact that there are subsequent amendments (*Perati* v. *Atkinson* (1964) 230 Cal.App.2d 251 [40 Cal.Rptr. 835]) and defendants by their true names are substituted in the pleadings for Doe defendants at a later time (*Watson* v. *Superior Court* (1972) 24 Cal.App.3d 53 [100 Cal.Rptr. 684]; *Lopa* v. *Superior Court* (1975) 46 Cal.App.3d 382 [120 Cal.Rptr. 445]).

■ Certain exceptions to mandatory application of this statute—in addition to those set forth in the statute itself—have been judicially recognized. One is the situation where it is impracticable, impossible or futile to comply with the statutory requirements. (*Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489].) Another is where a defendant's conduct creates an estoppel which precludes his reliance upon the statute. (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211].)

■ Plaintiffs argue here that in computing the three-year period in the instant case, we should not include that period of time the case was on appeal to this court, because it would have been "impracticable, impossible or futile" to proceed against anyone in the trial court in any meaningful way while the appeal was pending. In view of the fact that the judgment from which the appeal was taken in 1973 was one of dismissal as to all parties served at that time, we agree with plaintiffs' position that appeal time should be counted as tolling the statutory period.

However, this does not assist plaintiffs herein, for, as the chronology of events demonstrates, the third amended complaint was served, and the return filed, too late, after taking into account the appeal time involved. The notice of appeal was filed two years and eleven months after the filing of the original complaint on December 27, 1973, leaving plaintiff only one month after the remittitur was returned to the trial court to name the Does and serve them and return proof of service to the court.

The remittitur was filed on September 5, 1975, and plaintiff had until October 5, 1975, to complete his service and return of service. This was

not done. The return of service on the *second* amended complaint was not made until November 13, 1975. Although the Shapiro and Danning defendants made general appearances in the action in November 1975, these appearances were not made within the three-year period, and did not cure the defect. (See *Busching* v. *Superior Court* (1974) 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369].)

Obviously, by the time service was returned on the *third* amended complaint, which is the complaint before us—February 27, 1976—the statutory period had long since expired. Plaintiffs offered no legitimate excuse for this tardiness below, nor has any been presented to us. *Busching* sets forth the principle that even de minimis noncompliance, without adequate excuse, will not preclude application of the statute; there was *substantial* noncompliance here.

We conclude, therefore, that the trial court properly granted the motion to dismiss made by the respondents, and that the order of dismissal under Code of Civil Procedure section 581a, subdivision (a), must be affirmed.

II

*The Appeal From the Order of Dismissal Made*
*After Demurrers to the Third and Fourth*
*Amended Complaints Were Sustained*
*Without Leave to Amend*

This is an appeal by plaintiff Highlanders from an order of dismissal made on July 19, 1976, made pursuant to Code of Civil Procedure section 581, subdivision 3, in favor of defendants Olsan, Kleinman, and the law firm of Loeb and Loeb, after their demurrers to the third and fourth amended complaints were sustained without leave to amend.[4]

Our standard of review is well established for measuring the validity of a pleading that has not withstood a demurrer. "A demurrer admits all material and issuable facts properly pleaded. [Citations.] However, it does not admit contentions, deductions or conclusions of fact

---

[4]Although the record does not show any formal order granting plaintiff Highlanders leave to file a fourth amended complaint, the court's minute order of July 2, 1976, recites: "Pursuant to oral stipulation in open court, it is deemed that the demurrer is interposed to the 4th amended complaint." We consider this minute order to constitute the court's acquiescence in the filing of the fourth amended complaint.

or law alleged therein." (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732].) Also, ". . . 'plaintiff need only plead facts showing that he may be entitled to some relief [citation].' [Citation.] Furthermore, we are not concerned with plaintiff's possible inability or difficulty in proving the allegations of the complaint." (*Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 572 [108 Cal.Rptr. 480, 510 P.2d 1032].)

■ Another principle which is applicable here is that, in construing the pleading under attack, both the trial court and the appellate court may consider the impact of information of which judicial notice has been taken. (*Contractor's etc. Assn.* v. *Cal. Comp. Ins. Co.* (1957) 48 Cal.2d 71, 75 [307 P.2d 626].) The appellate court may adopt a construction of judicially noticed material contrary to that which the trial court found persuasive. (*Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77 [31 Cal.Rptr. 524].)

With this statement of legal principles, we turn to the pleading problem which has plagued plaintiff Highlanders since the beginning of this litigation. This has reference to the basic cause of action alleging a conspiracy. ■ That problem, simply stated, is how to plead successfully an abandonment of the cause of action by the trustee in bankruptcy.

When plaintiff Highlanders was adjudicated a bankrupt in 1968, all of its assets, including causes of action, passed to the trustee in bankruptcy, and only the trustee was empowered to pursue them. (11 U.S.C.A. § 110(a)(5), (6).) Included was the cause of action for conspiracy which plaintiff Highlanders has asserted in its complaints. Ordinarily, the transfer to the trustee would have precluded this plaintiff from maintaining such action. (*Reichert* v. *General Ins. Co.* (1968) 68 Cal.2d 822, 829-830 [69 Cal.Rptr. 321, 442 P.2d 377].)

■ There is an exception to this general rule, however, and it is within this exception that plaintiff Highlanders has attempted to place itself. Under California law, "[a] trustee may abandon worthless or burdensome assets, and title revests in the bankrupt on abandonment of the property. [Citation.] It has been held, however, that 'the burden of proof . . . rests heavily upon the one who asserts that the trustee, without the permission of the court, has abandoned or disclaimed property, the retention of which does not involve any considerable burden upon the estate . . .' [citations], and abandonment in such circumstances must be

predicated on some positive indication of intent to do so [citation]." (*Estate of Aldrich* (1950) 35 Cal.2d 20, 23 [215 P.2d 724, 19 A.L.R.2d 885].) (See also, *Beck* v. *Unruh* (1951) 37 Cal.2d 148 [231 P.2d 13].)

The decisional law, however, has been less clear in describing what conduct on the part of the trustee is sufficient to constitute abandonment of property, including a cause of action. In *Wood* v. *Lowe* (1974) 39 Cal.App.3d 296, 300 [114 Cal.Rptr. 69], we said that "[a]bandonment involves two, and possibly three, elements: knowledge by the trustee of the existence of the alleged cause of action; an intent by him to abandon it; and (perhaps) a formal order of the bankruptcy referee authorizing the abandonment."

With respect to the first element, *Wood* rejected the contention that knowledge on the part of the trustee could only be established by reference to bankruptcy schedules, holding that "other evidence" might suffice. As to the second element, that of the trustee's intent, it was concluded that while "a formal document [order of the bankruptcy court] is the preferable way of making the showing of intent . . . we see no reason why other evidence of that intent—including, but not necessarily limited to, statements by the trustee or communications from him—should not be good evidence." (*Id.* at p. 301.) In effect, *Wood* sought to retain some flexibility in the situation by approving a wide range of evidentiary possibilities for establishing abandonment. It is to be noted that in *Wood,* the issue of abandonment did not arise at the pleading stage such as is presented in the case at bench, but in a special-defense hearing under Code of Civil Procedure section 597.

The *Wood* court stated explicitly that it was not deciding whether a formal order by the bankruptcy court approving abandonment by a trustee was a prerequisite to suit in a state court, perhaps envisioning the type of situation presented in the case at bench. Here, from the inception of the litigation, plaintiff Highlanders has taken the position that the original trustee (now deceased) and the successor trustee were members of the alleged conspiracy. It would be reasonable to assume that such individuals would find little incentive for either prosecuting an action against themselves or, by seeking a formal court order approving abandonment, paving the way for such litigation by the bankrupt. Whether inaction per se on the part of a trustee in such a situation can constitute abandonment is arguable; a cause of action cannot be reduced to possession in the same sense that other forms of property can. But the suggestion has been made that, with respect to a cause of action, mere

inaction by the trustee should be sufficient to establish abandonment. (See Note, *Abandonment of Assets by a Trustee in Bankruptcy* (1953) 53 Colum.L.Rev. 415, 424.)

When we reversed the judgment on the pleadings in this case in 1975, we did so because the plaintiffs had *not pleaded* abandonment by the trustee in bankruptcy as an element of their cause of action, and, in view of *Wood, supra,* 39 Cal.App.3d 296, decided while the appeal was pending in 1974, it was determined that plaintiffs should be given an opportunity to plead the element of abandonment if it was possible to do so. The subsequently filed second amended complaint need not concern us, as it did not result in the dismissal complained of here.

The third amended complaint sought to remedy the defective pleading by alleging knowledge on the part of the trustee of the cause of action, and that "defendants A. J. Bumb, Receiver-Trustee, and Don Rothman, Successor-Trustee, with intent to abandon, knowingly conspired, schemed, contrived to abandon, and in fact did abandon all legal causes of action including the instant cause of action, . . ." by the transfer of the assets of plaintiff corporation to a Nevada corporation controlled by Olsan in 1968. The precise issue presented is the adequacy of this pleading, and whether any documents of which we take judicial notice have any bearing on its adequacy.

We note that the first two elements set forth in *Wood* have been alleged here in general terms. This appears to us to constitute sufficient pleading; an analogy may be found in the pleading of negligence. "*Negligence may be pleaded in general terms, . . .*" (3 Witkin, Cal. Procedure (2d ed. 1971) Pleadings, § 465, p. 2119; italics in original.) As it is unnecessary to supply evidentiary detail of negligence, so too should it be—and we hold it is—unnecessary to supply the same in pleading the fact of abandonment.

The third element, left undecided by *Wood,* is whether there is a necessity for alleging a formal order of the bankruptcy court approving the trustee's abandonment of assets. As that decision pointed out, the authorities are in conflict as to this requirement. (*Wood, supra,* 39 Cal.App.3d 301, fn. 8.) Since nothing has been presented to us here in the record or for judicial notice which suggests that a formal order approving abandonment has in fact been obtained in the bankruptcy court, we assume one has not.

Plaintiff Highlanders seeks to persuade us that the order of the bankruptcy referee, dated January 31, 1968, transferring plaintiff's assets, constitutes an order of abandonment of plaintiff Highlanders' cause of action. The trial court had this order before it prior to ruling on the demurrer of defendants Olsan, Kleinman and Loeb and Loeb to the third amended complaint. In its minute order sustaining the demurrer, the trial court stated that "notwithstanding plaintiff's allegations, it appears from matters judicially noticed and complaint that the Trustee sold all assets including this cause of action to others, and hence no abandonment, and further reserved jurisdiction over the sale agreement and its enforcement. [¶] General demurrer of defendants Olsan, Kleinman and Loeb and Loeb, SUSTAINED."

We too have examined the bankruptcy court's order, dated January 31, 1968. We find nothing from which an inference of abandonment may be made. Nowhere was this cause of action listed as an asset of the corporation; nor was there a general catchall provision from which transfer of this asset could be inferred. While we conclude that the trial court's view of this order was erroneous, we also conclude that construction of this order is an irrelevant consideration, since we hold that it was unnecessary for plaintiff Highlanders to allege that the bankruptcy court had made an order approving an abandonment by the trustee in order for the complaint to allege an abandonment as an element of the cause of action. If the 1968 order did not transfer the cause of action, it remained with the trustee, unless, under the circumstances presented here, there has been an abandonment by the trustee of the cause of action which has been sufficiently pleaded in the third and fourth amended complaints—and we hold it has been.

Even though plaintiff Highlanders alleged that the 1968 order of the bankruptcy court constituted a court approval of the trustee's abandonment of the cause of action sued on herein, we consider such allegation surplusage and without legal effect. A liberal construction of plaintiff Highlanders' pleading impels us to the conclusion that the element of abandonment has been sufficiently alleged, disregarding the allegation with respect to the January 31, 1968, court order. "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." (Code Civ. Proc., § 452.) "[T]o deny the party his right to a trial, there must be an obvious failure of the pleadings to state a cause of action or defense. This is not the case here, and as against the general demurrers, they should stand. We are enjoined by statute to construe

pleadings liberally (Code Civ. Proc., sec. 452) and such has been our practice." (*Terry Trading Corp.* v. *Barsky* (1930) 210 Cal. 428, 438 [292 P. 474].) We are here concerned solely with problems of pleading, not problems of proof. Accordingly, the third and fourth amended complaints stated causes of action against defendants Olsan, Kleinman, and Loeb and Loeb.

The order of dismissal, made June 10, 1976, pursuant to Code of Civil Procedure section 581a, subdivision (a), is affirmed. The order of dismissal, made July 19, 1976, pursuant to Code of Civil Procedure section 581, subdivision 3, is reversed.

Each party is to bear its own costs on appeal.

Kingsley, Acting P. J., and Wiener, J.,* concurred.

A petition for a rehearing was denied March 3, 1978, and respondents' petition for a hearing by the Supreme Court was denied April 13, 1978.

---

*Assigned by the Chairperson of the Judicial Council.