[Civ. No. 52048. Second Dist., Div. Four. Sept. 8, 1978.]

ERNEST J. TARR, Plaintiff and Appellant, v.
MERCO CONSTRUCTION ENGINEERS, INC., et al.,
Defendants and Respondents.

COUNSEL

Richard L. Turner for Plaintiff and Appellant.

Grant & Popovich and Irvin Grant for Defendants and Respondents.

OPINION

**JEFFERSON (Bernard), J.**—This is an appeal by plaintiff Ernest J. Tarr from a judgment of dismissal of his third amended complaint following the trial court's sustaining of a demurrer. The defendants who interposed the demurrer to plaintiff's third amended complaint were Merco Construction Engineers, Inc. (hereinafter Merco) and Safeco Insurance Company (hereinafter Safeco).

Plaintiff's third amended complaint set forth three causes of action. The first cause of action was against Merco alone. In the first cause of action plaintiff alleged that, on March 19, 1973, plaintiff and Merco entered into a written contract wherein Merco agreed to construct for plaintiff on premises described as 5734 Ravenspur Drive, Palos Verdes Peninsula, a 21-unit condominium building and garage for a maximum price of $610,605 to be paid by plaintiff. It was alleged that the contract provided for Merco to complete the building within nine months after commencement. It was alleged that defendant did not complete construction of the building by December 21, 1973, which was the end of the nine-month period. Plaintiff alleged that Merco failed to complete the building in accordance with plans and specifications, which was one of the terms of the contract, and set forth various deficiencies and deviations from the plans and specifications. Plaintiff alleged that he wrote a letter dated June 26, 1975, demanding that defendant correct the defects in the building, and attached the letter as exhibit "A" and incorporated it within the complaint by appropriate allegation. Plaintiff stated that the failure of Merco to perform in accordance with the contract caused plaintiff to be damaged in the sum of $500,000.

In addition to defendant Merco, plaintiff named a number of other defendants in the first cause of action, including Beatrice G. Tarr and Leisure Living Residential, Inc. These defendants were alleged to have been made defendants pursuant to Code of Civil Procedure section 389. With reference to these defendants, plaintiff alleged that defendant

Beatrice was his wife but was now separated from plaintiff, and that defendant Leisure Living Residential, Inc. might have an interest in the cause of action as a debtor in bankruptcy number 74-12555-MLR, said petition having been filed in the United States District Court for the Central District of California. In addition, plaintiff alleged that he was no longer the owner of the property located on Ravenspur Drive.

In the second cause of action against both defendant Merco and Safeco, plaintiff incorporated most of the paragraphs of the first cause of action, but did not incorporate the paragraph about the letter attached as exhibit "A." In the second cause of action, plaintiff alleged that defendant Safeco was a foreign corporation duly authorized to do business in the state of California and was actually doing business in the state. It was alleged that on March 19, 1973, defendant Merco and Safeco executed and delivered to plaintiff a performance bond guaranteeing the faithful performance of the work provided for in the contract between plaintiff and defendant Merco. A copy of the bond was attached to the complaint as exhibit "B" and incorporated within the allegations of the second cause of action. By way of damages plaintiff alleged that he had suffered damages in the amount of $5 million, together with loss of rent or sales in the amount of $88,200. In the second cause of action plaintiff also alleged that he had faithfully and fully performed all of the conditions and covenants required of him by the contract.

The third cause of action was stated to be against defendant Safeco alone. Plaintiff incorporated by reference most of the allegations set forth in the first cause of action. Plaintiff reiterated the allegation set forth in the second cause of action that on March 19, 1973, defendant Safeco had executed and delivered to plaintiff the performance bond by which defendant Safeco agreed to· pay to plaintiff all damages suffered by plaintiff because of the failure of the contractor in a sum not to exceed $610,305. A photostatic copy of the bond was again alleged to be attached to the complaint and marked exhibit "B" and made a part of the allegations of the third cause of action. Plaintiff further alleged that, in compliance with the condition of the bond, on or about June 26, 1973, plaintiff gave defendant Safeco notice of the failure of defendant Merco to perform in accordance with the agreement and of the damages suffered by plaintiff as a result thereof and made demand on defendant Safeco for payment of those damages. The plaintiff alleged that the photostatic copy of the notice and demand was attached to the complaint, marked as exhibit "A," and made a part of the allegations of the third cause of action. It is to be noted that exhibit "A" is the letter referred to by

plaintiff in the first cause of action as being a letter from plaintiff to defendant Merco. The letter reveals, however, that a copy of this letter was sent to defendant Safeco.

Defendants Merco and Safeco demurred to plaintiff's third amended complaint by demurring separately to each cause of action. The first cause of action was demurred to on the grounds (1) that it did not state facts sufficient to state a cause of action against Merco (Code Civ. Proc., § 430.10, subd. (e)); (2) that plaintiff did not have the capacity to sue on the claim alleged in the first cause of action because the claim had passed to plaintiff's trustee in bankruptcy (Code Civ. Proc., § 430.10, subd. (b)); and (3) that the first cause of action was uncertain in specified respects. The second cause of action was demurred to on the ground that it failed to state facts sufficient to constitute a cause of action against either defendant and, also, that the plaintiff lacked legal capacity to sue and that the complaint was uncertain in various respects. In addition, the two defendants demurred to the second cause of action on the ground that plaintiff had failed to file his complaint within the one-year period following completion of the building as provided in paragraph 6 of the performance bond executed by Safeco and which was incorporated as exhibit "B" to the complaint by the allegations in paragraph 12 of the second cause of action.

The third cause of action was demurred to on all of the same grounds of demurrer set forth by defendants in the demurrer to the second cause of action.

On this appeal, plaintiff contends that the trial court erred in two respects in sustaining defendants' general demurrer to plaintiff's third amended complaint. First, that plaintiff did not lack capacity to sue; and second, that plaintiff's cause of action against defendant Safeco was not barred by the one-year statute of limitation provision as set forth in the performance bond in accordance with the provisions of Civil Code section 3086.

### The Question of Appellants' Lack of Standing
### to Sue in Light of Plaintiff's
### Bankruptcy Proceedings

As a part of defendants' memorandum of points and authorities in support of the demurrer to plaintiff's third amended complaint, defendants requested that the trial court take judicial notice of the fact that

plaintiff had filed a petition in bankruptcy on September 30, 1974. Attached as an exhibit to the memorandum of points and authorities was a copy of the notice of filing by plaintiff of a petition in bankruptcy. This request for judicial notice was appropriately made pursuant to section 453 of the Evidence Code, which provides: "The trial court shall take judicial notice of any matter specified in Section 452 if a party requests it and: [¶] (a) Gives each adverse party sufficient notice of the request, through the pleadings or otherwise, to enable such adverse party to prepare to meet the request; and [¶] (b) Furnishes the court with sufficient information to enable it to take judicial notice of the matter."

■ The matter requested was an appropriate subject of judicial notice under Evidence Code section 452, subdivision (d), which provides for judicial notice of the "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States." Plaintiff made no objection to either "the propriety of taking judicial notice of the matter" or "the tenor of the matter to be noticed," as authorized by Evidence Code section 455.

The trial court, therefore, properly took judicial notice in accordance with the information supplied by defendants—the exhibit attached to the memorandum of points and authorities supporting the demurrer—that on September 30, 1974, plaintiff filed a petition in the United States District Court for the Central District of California, a "petition" for relief under chapter XI of the Bankruptcy Act.

■ The doctrine is well settled that, in measuring the validity of a pleading in the face of a demurrer, both the trial court and the appellate court are entitled to consider the impact of information that has surfaced by reason of invocation of the doctrine of judicial notice. (*Contractor's etc. Assn.* v. *Cal. Comp. Ins. Co.* (1957) 48 Cal.2d 71 [307 P.2d 626].)

■ It thus appears that plaintiff had filed a petition in bankruptcy prior to December 17, 1975, the date on which, in the case at bench, plaintiff filed the original complaint against defendants Merco and Safeco. Defendants' assertion that plaintiff lacked capacity to sue, which we interpret to mean lack of standing to sue under the circumstances presented, is predicated on the principle that once a person has filed for bankruptcy, all of his assets, including causes of action, pass to the trustee in bankruptcy and only the trustee is empowered to pursue such assets against persons alleged to be in possession of such assets or are liable to

the bankruptcy debtor on some cause of action. (See 11 U.S.C.A. § 110(a)(5), (6).)

In *Reichert* v. *General Ins. Co.* (1968) 68 Cal.2d 822 [69 Cal.Rptr. 321, 442 P.2d 377], the question involved was whether plaintiff could sue defendant for damages for breach of a fire insurance contract. The court stated: "Our resolution of the problem turns on the federal statute. Section 70 of the Bankruptcy Act (11 U.S.C.A. § 110) provides in pertinent part as follows: '(a) The trustee of the estate of a bankrupt . . . shall . . . be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title . . . to all of the following kinds of property wherever located . . . (6) rights of action arising upon contracts, . . .' As will appear the causes of action which plaintiff attempts to assert fall within the categories described by [clause] . . . (6). We have concluded, therefore, that they are rights which passed to the trustee upon plaintiff's adjudication in bankruptcy, that they are not actionable claims resident in plaintiff, and that the demurrers were properly sustained." (*Reichert, supra,* 68 Cal.2d 822, 829-830.)

In *Massey* v. *Bank of America* (1976) 56 Cal.App.3d 29, 33 [128 Cal.Rptr. 144], the court affirmed a summary judgment in favor of defendant against a plaintiff's cause of action in contract. In so doing the court remarked: "The claim is in contract and thus the right of action, upon filing of plaintiff's petition in bankruptcy was transferred to the trustee in bankruptcy (11 U.S.C.A. § 110(a), (5) and (6); *Reichert* v. *General Ins. Co.,* 68 Cal.2d 822, 830 [69 Cal.Rptr. 321, 422 P.2d 377])." The defect of a lack of standing to sue makes a complaint subject to general demurrer for failure to state a cause of action. (*Parker* v. *Bowron* (1953) 40 Cal.2d 344 [254 P.2d 6].)

Plaintiff responds to defendants' contention that plaintiff lacked standing to sue by virtue of the petition in bankruptcy by urging several exceptions. Plaintiff contends that the rule of law calling for all assets of a bankrupt to be vested in the trustee in bankruptcy and precluding the bankrupt debtor from filing suit on any cause of action does not apply to a chapter XI proceeding under which a receiver may be appointed. In the case at bench plaintiff's bankruptcy petition was filed as a proceeding under chapter XI of the Bankruptcy Act. However, this alleged exception was rejected in *Arkwright Mutual Insurance Co.* v. *Bargain City, U.S.A., Inc.* (E.D.Pa. 1966) 251 F.Supp. 221. In *Arkwright,* the court held that a debtor's cause of action constitutes a part of the estate of the debtor to be

administered in chapter XI proceedings and is subject, therefore, to the provisions of section 70(a) of the Bankruptcy Act. (11 U.S.C.A. § 110(a); see also 8 Collier on Bankruptcy (14th ed. 1978) § 341, p. 886.)

Plaintiff also responds to defendants' lack-of-standing-to-sue contention by asserting that plaintiff's attorney was authorized to bring the instant lawsuit by virtue of an express order of the trustee in bankruptcy.

As requested by plaintiff, the court took judicial notice of several documents which were part of the records of the bankruptcy court. One document was entitled "Chapter XI Case No. 74-12556 Application of Debtor for Order Authorizing Debtor to Employ Special Counsel" and was captioned "In re Leisure Living Residential, Inc., Debtor." In this application, Leisure Living Residential, Inc., alleged that it was the debtor in the captioned proceedings, having filed a petition under chapter XI of the Bankruptcy Act on September 30, 1974. The application also alleged that (plaintiff) Ernest J. Tarr was the debtor in a chapter XI proceeding bearing case No. 74-12555, and that Tarr was the owner of 100 percent of the stock of applicant Leisure Living Residential, Inc. The application requested the bankruptcy judge to appoint, as special counsel to the applicant debtor, Richard L. Turner, an attorney, to file an action against defendant Merco by reason of the latter's failure "to complete this condominium project in a manner required by the contract entered into by and between your Applicant, TARR and Merco Construction Company. As a result of said non-compliance by Merco Construction Company, your Applicant has suffered substantial and irreparable damage."

The second document judicially noticed by the trial court in ruling on defendants' demurrer was an "Order Authorizing Debtor To Employ Special Counsel," made in conformity with the application for such order made by Leisure Living Residential, Inc., as a debtor in chapter XI case No. 74-12556. This order, dated November 25, 1975, executed by William J. Lasarow, bankruptcy judge, provided in pertinent part: "[I]t is hereby: [¶] ORDERED, that the Debtor of the above-captioned estate, LEISURE LIVING RESIDENTIAL, INC., be and hereby is authorized and directed to employ RICHARD L. TURNER, ESQUIRE, of Manhattan Beach, California, as special counsel to said debtor, to represent said Debtor in the matter set forth in the aforesaid Application, at the expense of said estate, upon the terms and conditions set forth in said Application."

Plaintiff argues that the order made by the bankruptcy judge should be construed as an order authorizing special counsel to sue on behalf of plaintiff Tarr—apparently because of the allegation that plaintiff Tarr owned 100 percent of the stock of the entity, Leisure Living Residential, Inc. But the court cannot take judicial notice of the truth of the allegation contained in Leisure Living Residential's application for employment of special counsel, that Tarr, the plaintiff herein, owned 100 percent of the stock of Leisure Living Residential. (4) Even though a court may take judicial notice of certain matters set forth in a court record, pursuant to Evidence Code section 452, subdivision (d), it may *not* take judicial notice of the *truth* of allegations made in documents such as pleadings, affidavits and allegations in bankruptcy proceedings. (*People* v. *Rubio* (1977) 71 Cal.App.3d 757, 766 [139 Cal.Rptr. 750].) However, since plaintiff alleged in paragraph 5 of the first cause of action of the third amended complaint that defendant Leisure Living Residential, Inc. was a California corporation wholly owned by plaintiff, the allegation must be deemed to be admitted as true by virtue of defendants' demurrer.

But this fact of 100 percent ownership by plaintiff of Leisure Living Residential, Inc., a California corporation, does not lead to the result that plaintiff and Leisure Living Residential are one and the same legal entity. We cannot construe the bankruptcy judge's order as authorizing Attorney Turner to file an action on plaintiff Tarr's behalf for breach of contract against the defendants. The bankruptcy judge's order is clear and explicit that Attorney Turner was authorized as special counsel to file a lawsuit against defendants only on behalf of the bankruptcy debtor Leisure Living Residential, Inc.

It is to be noted that plaintiff was also a bankruptcy debtor by virtue of an individual petition having been filed in the bankruptcy court. The record below offers no explanation of why plaintiff as a bankruptcy debtor in case no. 74-12555-MLR did not seek permission from the bankruptcy judge for the filing of a breach of contract action against defendant Merco. Whether the order of the bankruptcy judge in the case at bench, authorizing a breach of contract action to be filed against defendant Merco, is to be deemed an abandonment by the trustee in bankruptcy of assets that would otherwise be vested in the trustee, or whether the order may be construed as authorizing a lawsuit in the interest of all creditors of the bankrupt debtor (see *Highlanders, Inc.* v. *Olsan* (1978) 77 Cal.App.3d 690 [143 Cal.Rptr. 679]; *Wood* v. *Lowe* (1974) 39 Cal.App.3d 296 [114 Cal.Rptr. 69]), is not an issue which we must

decide, since the order of authorization to sue simply cannot be construed as any authorization from the bankruptcy judge in favor of the plaintiff.

Plaintiff also argues that the bankruptcy judge's order authorizing Leisure Living Residential to employ special counsel for a breach of contract action to be brought against defendant Merco should not be interpreted to preclude the instant action by plaintiff since plaintiff made Leisure Living Residential, Inc. a defendant by alleging in paragraph 5 of the first cause of action that said defendant might have an interest in plaintiff's cause of action as a debtor in bankruptcy, and was being joined as a debtor therefore pursuant to the provisions of Code of Civil Procedure section 389.[1] This argument lacks merit. Code of Civil Procedure section 389 cannot be construed to authorize a debtor in bankruptcy to file an action on a cause of action that has vested in the trustee in bankruptcy. Section 389 deals solely with the matter of compulsory joinder as parties defendant of certain persons under stated circumstances.

Since we sustain the trial court's ruling on the ground that plaintiff lacked standing to sue, we do not reach plaintiff's contention that the trial court erred in ruling that plaintiff's cause of action against defendant Safeco on the performance bond was barred by a one-year provision for suit set forth in the bond.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

---

[1]Code of Civil Procedure section 389, subdivision (a), provides: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."