[No. F011868. Fifth Dist. Oct. 31, 1989.)

PAUL LAURITON, Plaintiff and Appellant, v.
CARNATION COMPANY, Defendant and Respondent.

COUNSEL

LaCoste, Keller, Mello & Land and Kenneth Mello for Plaintiff and Appellant.

Brown, Hall, Spatola & Clair and Charles R. Spatola for Defendant and Respondent.

OPINION

FRANSON, P. J.—

### STATEMENT OF THE CASE

This is an appeal from an order dismissing appellant's complaint for failure to bring the action to trial within five years as required by Code of Civil Procedure section 583.310.[1]

Appellant filed a complaint against respondent on December 8, 1983. On October 16, 1987, appellant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Act. Appellant received a discharge in bankruptcy on August 18, 1988. On September 30, 1988, appellant filed an at-issue memorandum in this case, and trial was scheduled for February 27, 1989. The case was dismissed for failure to prosecute on February 10, 1989.

Appellant contends the time during which he was in bankruptcy should have been excluded in computing the five-year period. Appellant argues it was impossible or impractical for him to prosecute this action during the bankruptcy. We conclude the trial court properly dismissed the action and affirm the judgment.

### DISCUSSION

An action must be brought to trial within five years after it is commenced against the defendant. (§ 583.310.) Dismissal is mandatory subject only to

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

extension, excuse, or exception provided by statute. (§ 583.360.) In computing the five-year period, the time during which (1) the jurisdiction of the court to try the action was suspended, (2) prosecution or trial of the action was stayed or enjoined, or (3) bringing the action to trial was "impossible, impracticable, or futile," is excluded. (§ 583.340.) ■ A trial court's ruling on a motion to dismiss pursuant to these sections will be disturbed only upon a showing of a manifest abuse of discretion. (*Martin* v. *K & K Properties, Inc.* (1987) 188 Cal.App.3d 1559, 1567 [234 Cal.Rptr. 161].)

■ Appellant contends his bankruptcy suspended the superior court's jurisdiction over the case. Although generally all causes of action possessed by a bankrupt vest in the trustee (*Wood* v. *Lowe* (1974) 39 Cal.App.3d 296, 299 [114 Cal.Rptr. 69]), the bankruptcy itself does not divest the superior court of jurisdiction. The trustee is not stayed from prosecuting actions. (*Danielson* v. *ITT Industrial Credit Co.* (1988) 199 Cal.App.3d 645, 653 [245 Cal.Rptr. 126]; see 2 Collier, Bankruptcy Manual (3d ed. 1989) ch. 1106, ¶ 1106.02.) The trustee "may intervene in the action or may move to be substituted as party plaintiff." (*Wood* v. *Lowe, supra,* 39 Cal.App.3d 296, 301.) Although appellant was not authorized to personally prosecute the action without authorization from the bankruptcy court (*Danielson* v. *ITT Industrial Credit Co., supra,* 199 Cal.App.3d at p. 656), the superior court retained jurisdiction.

■ Similarly, this action was not stayed during the bankruptcy. "The Bankruptcy Act provides that the commencement or continuation of any legal proceeding *against the debtor* is automatically stayed by the filing of a petition in bankruptcy, until adjudication or dismissal of the petition." (*Danielson* v. *ITT Industrial Credit Co., supra,* 199 Cal.App.3d 645, 652.) However, a debtor's cause of action is not tolled by the filing of a bankruptcy petition. (*Ibid.*) As noted above, the trustee may prosecute actions on behalf of the debtor.

Finally, appellant contends that during his bankruptcy it was impossible, impracticable or futile for him to prosecute this action. ■ What is impossible must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 238 [197 Cal.Rptr. 546, 673 P.2d 216].) The critical factor in applying this exception to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting the case. (*Ibid.*) To establish reasonable diligence, the plaintiff must be able to demonstrate diligence in pursuit of his duty to expedite the resolution of the case at all stages of the proceedings, including the specific duty to use every reasonable effort to bring the matter to trial within the five-year period. (*Tejada* v. *Blas* (1987) 196

Cal.App.3d 1335, 1340 [242 Cal.Rptr. 538].) The plaintiff has the burden of proving it was impossible to bring the action to trial within five years. (*Bank of America* v. *Superior Court* (1988) 200 Cal.App.3d 1000, 1013 [246 Cal.Rptr. 521].)

■ As noted above, the bankruptcy trustee, not appellant, had the legal capacity to prosecute this action during the bankruptcy. (*Danielson* v. *ITT Industrial Credit Co., supra,* 199 Cal.App.3d 645, 655.) However, the situation was not totally out of appellant's control. Appellant could have sought relief from the bankruptcy court, such as (1) an order permitting the trustee to prosecute this lawsuit in appellant's name, (2) an order compelling the trustee to maintain the action, (3) an order authorizing appellant to prosecute the action on his own behalf, or (4) a formal order of abandonment. (*Id.* at p. 656.) Since appellant did not use every reasonable effort to bring the action to trial, he did not exercise reasonable diligence in prosecuting this case. Thus, the trial court was correct in not excluding the time appellant was in bankruptcy from the five-year period under sections 583.310 and 583.340.

Further, appellant was discharged from bankruptcy on August 18, 1988, more than three months before the five-year period expired on December 9, 1988. Appellant filed an at-issue memorandum on September 30, 1988, but made no motion to have the case specially set for trial. ■ "Where a plaintiff possesses the means to bring a matter to trial before the expiration of the five-year period by filing a motion to specially set the matter for trial, plaintiff's failure to bring such motion will preclude a later claim of impossibility or impracticability." (*Tejada* v. *Blas, supra,* 196 Cal.App.3d 1335, 1340.)

The order of dismissal is affirmed. Respondent to recover costs on appeal.

Stone (W. A.), J., and Ardaiz, J., concurred.