[Civ. No. 68340. Second Dist., Div. Four. Oct. 7, 1983.]

HAROLD W. WILLIAMS, JR., Plaintiff and Appellant, v.
HARTFORD INSURANCE COMPANY et al.,
Defendants and Respondents.

## COUNSEL

William Jerome-Pollack, De Goff & Sherman and Richard Sherman for Plaintiff and Appellant.

Paul, Hastings, Janofsky & Walker, Peter K. Rosen, Thomas M. Pors, Pepper, Hamilton & Scheetz, Jesse D. Miller, Paul Woolls, Garber & Garber, Richard D. Newman, Rushfeldt, Shelley & McCurdy and Steven D. Fondiler for Defendants and Respondents.

## OPINION

**KINGSLEY, J.**—Plaintiff appeals from an order of dismissal entered after the trial court sustained, without leave to amend, a demurrer in an action for malicious prosecution and other alleged torts. We reverse the order insofar as it dismisses the malicious prosecution cause of action but affirm it as to the other causes of action.

The present action is an aftermath of a wrongful death action prosecuted on behalf of the heirs of Mrs. June Walker, who allegedly died as the result of medical malpractice by the doctors and staff of a hospital owned and operated by defendant Regents of University of California (Regents). The

law firm of Cheren and Goldberg was retained to prosecute that action. That firm employed plaintiff, an experienced trial attorney, to handle the case. Defendant Hartford Insurance Company was the insurer of the Regents and of the doctors involved. The Walker case eventually was settled, but for a sum substantially higher than the Hartford's original offer.

During the course of the negotiations over the Walker case, a copy of Hartford's file was given to the office of Cheren and Goldberg. The circumstances of that delivery lie at the heart of the present litigation. Admittedly, the file was used by appellant in his negotiations with Hartford. Some time later, law enforcement personnel, executing a search warrant for the office of Cheren and Goldberg, on a matter totally unrelated to the Walker case, discovered the Hartford file, stamped "Confidential," and inquired of officers of Hartford. The reply was that the file had been stolen. That information ultimately led to the arrest and prosecution of appellant on charges of theft and receiving stolen property. He was acquitted, and the present litigation followed.

The complaint[1] set forth 10 alleged causes of action: (1) malicious prosecution; (2) fraud; (3) negligence; (4) violation of section 790.03, subdivision (h) of the Insurance Code; (5) false imprisonment; (6) abuse of process; (7) interference with economic advantages; (8) defamation; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress.[2] The complaint named as defendants (so far as this appeal is concerned): Hartford; the Regents; Dr. Dillon; and Joseph Wood, a claims agent for Hartford. General demurrers to the complaint were sustained, without leave to amend, on the stated ground that all the acts complained of were privileged under section 47 of the Civil Code. This appeal followed; we reverse as to the first cause of action (malicious prosecution) but affirm as to the other nine counts.

I

Appellant admits that the second cause of action (fraud) states no facts sufficient to constitute a cause of action in favor of plaintiff. The ruling as to that cause of action is affirmed. The third through tenth causes of action set forth various theories of damage from the prosecution, all of which, if appellant should ultimately succeed, after trial, on the malicious prosecution cause of act, will be matters affecting the damages in that action; in addition

---

[1]Actually the first amended complaint. The original complaint was never served and is not material on this appeal.

[2]Each cause of action alleges a conspiracy among all of the present respondents to commit each of the torts.

to the technical objections raised below and briefed here, they have no independent standing. We affirm the action as to them.

## II

■ The serious issue on this appeal relates to the first (malicious prosecution) cause of action. As we have said above, the ground stated by the trial court for sustaining demurrers, was privilege. That ground was in error. In *Albertson* v. *Raboff* (1956) 46 Cal.2d 375 [295 P.2d 405], the Supreme Court said (at p. 382): "It may be noted at the outset that the fact that a communication may be absolutely privileged for the purposes of a defamation action does not prevent its being an element of an action for malicious prosecution in a proper case. The policy of encouraging free access to the courts that underlies the absolute privilege applicable in defamation actions is outweighed by the policy of affording redress for individual wrongs when the requirements of favorable termination, lack of probable cause, and malice are satisfied."

However, as respondents point out, on appeal, if a general demurrer was good as to any ground urged in the trial court, the resulting judgment will be affirmed. We turn, therefore, to the other grounds urged on us by the briefs herein.

## A

■ Respondents, other than Hartford, contend that the complaint alleges only conduct by Hartford as related to the arrest and prosecution. However, the complaint alleges, at some length, a conspiracy by those defendants, with Hartford, to discredit appellant out of anger at his success in the Walker case, and that the alleged falsehoods told by Hartford were in pursuance of that conspiracy. If that allegation is proved at trial, all of the present respondents will be liable (or not liable) along with Hartford.

## B

Respondents rely on language in *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710 [117 Cal.Rptr. 241, 527 P.2d 865], where the Supreme Court said (at p. 720): "Malicious prosecution 'consists of initiating or procuring the arrest and prosecution of another under *lawful process,* but from *malicious motives* and *without probable cause.* . . . [Italics in original.] The test is whether the defendant was actively instrumental in causing the prosecution.' (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 242, pp. 2522-2523.) Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the

police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime."

That language was used in a case not involving malicious prosecution but for false imprisonment and, at the point in the opinion quoted, the court was considering an argument based on section 821.6 of the Government Code, which expressly deals with to the "institution" of an action. Directly in point is *Rupp* v. *Summerfield* (1958) 161 Cal.App.2d 657 [326 P.2d 912], where this court said (at p. 663): "Appellant's second point on appeal involves the giving of plaintiff's requested jury instructions Numbers 9, 8, 4, 3, 6 and 11. Appellant complains that plaintiff's requested instruction Number 9 which reads, 'A person who knowingly testifies falsely at a preliminary hearing in a criminal prosecution may be held liable for malicious prosecution. It is no defense that the person was subpoenaed to testify at such preliminary hearing,' is a direction to the jury that if it finds appellant testified falsely at the preliminary hearing, he was as a matter of law liable; and that the law requires more than perjury for malicious prosecution. It is not true, as suggested by appellant, that the sole basic element of an action for malicious prosecution is the initiation of a criminal proceeding, for which he cites Prosser, Torts, 860 (1st ed. 1941). Dean Prosser continues, at page 865 in his text on torts, and on which appellant remains silent: 'On the other hand if he advises or assists another person to begin the proceeding, ratifies it when it is begun on his behalf, or takes any active part in directing or aiding the conduct of the case he will be responsible,' and makes it clear, at page 866, that knowingly giving false information to the police constitutes advising or assisting another to begin the proceeding."

■ We follow that ruling. Here it is alleged that Hartford caused its employees not only to make the original false statement to law enforcement personnel, but also caused them to testify falsely before the grand jury. If true, one element of an action for malicious prosecution was properly pleaded.

## C

■ Admittedly, in most cases, a person who merely alerts law enforcement to a possible crime and a possible criminal is not liable if, law enforcement, on its own, after an independent investigation, decides to prosecute. ■ However, nothing in the complaint speaks of an investigation by law enforcement as leading up to the grand jury indictment ultimately returned against appellant. Under those circumstances, the defense of investigation is a matter for affirmative defense, not a ground for demurrer.

## D

■ At the hearing on the demurrers, respondents asked the trial court to take judicial notice not only of the fact of the indictment, but of the testimony by Hartford and other prosecution witnesses before the grand jury. The trial court took such notice. It so doing it erred.

In dealing with this matter, Mr. Justice Jefferson said (1 Jefferson, Evidence Benchbook (2d ed.) § 1.1, p. 4): "Rule (4): 'Hearsay evidence' is evidence of a 'statement' made by a 'declarant' on an occasion other than as a witness while testifying at a current hearing or trial, and that is offered at the current hearing or trial to prove the truth of the matter that is stated in such statement either expressly or impliedly."

In comment on that rule, Justice Jefferson said (pp. 5-6): "Definition of hearsay evidence includes evidence of some in-court statements made under oath and subjected to cross-examination. Under the definition of hearsay evidence set forth in Rule 4 of this section, evidence of the testimony of a witness at a grand jury proceeding, or at a preliminary hearing, or at a former trial, if offered at the current trial to prove the truth of the matter previously testified to, is hearsay evidence. Thus a witness' prior testimony, even though given under oath and having been subjected to full cross-examination, is considered to be a declarant's hearsay statements and inadmissible unless satisfying the requirements of some hearsay exception. The justification for defining prior cross-examined statements made under oath as hearsay statements is that the trustworthiness of such statements needs to be tested by observation of declarant by, and cross-examination before, *the current trier of fact*, who must make the determination of credibility. In many instances, however, testimony given at a preliminary hearing or at a former trial will qualify for admissibility under the former-testimony hearsay exception. But unavailability of the declarant as a witness is a key requirement."

It follows that, although the fact of the grand jury indictment was a proper subject of judicial notice (in fact that was pled) the testimony on which that indictment was based was not a matter for judicial notice in ruling on the demurrer.[3] Thus, contentions here urged by respondents, based on the grand jury transcript, cannot here be considered. Those witnesses, of course, may be called to repeat their testimony at trial, where, after cross-examination on behalf of appellant, they may, or may not, be believed.

[3]See also: *Tarr* v. *Merco Constr. Engineers, Inc.* (1978) 84 Cal.App.3d 707, 715 [148 Cal.Rptr. 813]; *People* v. *Rubio* (1977) 71 Cal.App.3d 757, 766 [139 Cal.Rptr. 750].

E

Admittedly, the fact of the grand jury indictment gives rise to a prima facie case of probable cause, which the malicious prosecution plaintiff must rebut. However, as respondents' own authorities admit, that rebuttal may be by proof that the indictment was based on false or fraudulent testimony. It cannot be contested that the pleading here sufficiently alleges facts which, if proved at trial, will rebut the prima facie case.

The judgment is reversed insofar as it dismissed the first cause of action and the trial court is directed to make and enter a new order overruling the demurrer to that cause of action and granting respondent a reasonable time within which to answer that cause of action. The judgment is affirmed insofar as it dismisses causes of action two through ten. Appellant shall recover his costs on this appeal.

Woods, P. J., and Amerian, J., concurred.