Filed 6/26/13  Montgomery v. Crumpler CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| PATRICK MONTGOMERY,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ESTHER LUZ CRUMPLER,<br><br>    Defendant and Appellant. | D061254<br><br><br>(Super. Ct. No. 37-2010-00090847-CU-PO-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County,

Joan M. Lewis, Judge.  Affirmed.

Gaston & Gaston and Matthew J. Faust for Defendant and Appellant.

Scott A. Savary for Plaintiff and Respondent.


Patrick Montgomery filed a malicious prosecution action against his ex-wife,

Esther Luz Crumpler, alleging Crumpler caused the continuation of Montgomery's

prosecution for child molestation in Texas.  After a bench trial, the court entered

judgment in favor of Montgomery and awarded him $11,500,000 in damages.  On appeal,

Crumpler contends (1) the trial court erred in finding her beliefs regarding the

molestation were unreasonable, (2) the trial court abused its discretion by excluding certain testimony from Montgomery's criminal trial, (3) the trial court erred in finding she caused the continuation of Montgomery's criminal trial, (4) there was insufficient evidence to support a finding of malice, and (6) the trial court erred in finding she caused Montgomery to suffer damages.  We reject Crumpler's arguments and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Montgomery and Crumpler were married in 1976 and had three daughters, Annisha, Alicia and Alexandra.  In 1982, Montgomery moved with his daughters to Texas, leaving Crumpler behind.  Montgomery and Crumpler divorced shortly thereafter, and Montgomery married Linda Rockwell.  Montgomery's marriage to Rockwell was brief because Rockwell was abusive towards Montgomery's daughters.

Crumpler had no contact with her daughters between 1982 and 1984.  In 1984, Crumpler received a phone call from Patricia Newbold, Rockwell's sister.  Newbold told Crumpler that Montgomery had molested one of his daughters.  Crumpler called her attorney who advised her to call the Texas Child Protective Services (CPS).  In June 1984, CPS removed the children from Montgomery's home.

Peggy Nichols, a CPS worker, interviewed the children.  Annisha and Alicia now claim that Nichols pressured them into stating their father molested them.  After living in a shelter and foster homes, the daughters returned to California to live with Crumpler.  Crumpler repeatedly questioned them about what happened with Montgomery.  Although

2

Annisha and Alicia continuously told Crumpler that nothing happened, Crumpler did not believe them and stated she was told differently by the state of Texas.

A Texas grand jury indicted Montgomery on two counts of child indecency. During the criminal trial on those charges, Annisha and Alicia testified that Montgomery molested them. Montgomery was convicted and spent approximately two and a half years in prison. After being released from prison, Montgomery was on parole and had lost his law, real estate and emergency medical technician licenses. Thus, he worked a series of "odd jobs" until he was hired as a laborer at a paper mill.

After they became adults, Annisha and Alicia had a discussion and determined they needed to "clean this mess up." They agreed to submit affidavits recanting their testimony from Montgomery's criminal trial. In those affidavits, they explained that Montgomery never molested them and their testimony was coerced. Annisha's affidavit did not specify who coerced the testimony while Alicia stated her testimony was "influenced and encouraged . . . by [her] mother and other people." Along with the affidavits, Annisha and Alicia testified at the hearing on Montgomery's petition for writ of habeas corpus in Texas. The Texas court granted relief and set aside Montgomery's convictions.

In 2010, Montgomery sued Crumpler for malicious prosecution, alleging Crumpler coached and pressured Annisha and Alicia into giving false testimony at Montgomery's criminal trial. Montgomery also alleged Crumpler did not reasonably believe the molestation occurred.

3

At trial in this case, Annisha and Alicia confirmed that Montgomery never molested them. Contrary to their testimony in the 2008 habeas proceedings, Annisha and Alicia claimed Crumpler did not coerce or pressure their testimony in Montgomery's criminal trial. They described being angry with Montgomery and stated they were testifying in this case to support their mother.

After a bench trial, the trial court found in favor of Montgomery on his malicious prosecution claim. The court determined Crumpler's testimony was not credible and Annisha and Alicia "had a clear bias against their father." Ultimately, the court concluded "no reasonable person in [Crumpler's] position would believe there were grounds for causing the continuation of [Montgomery's] prosecution" and Crumpler's primary motive was to retaliate against Montgomery for taking their children to Texas without her.

## DISCUSSION

### I. *Request for Judicial Notice*

Crumpler requests that we take judicial notice of ten documents from the parties' family court proceedings in San Diego Superior Court, case number D180024. The trial court properly took judicial notice of these documents. (Evid. Code, § 452, subd. (d)(1) [permitting a court to take judicial notice of records of any court of this state].) We likewise take judicial notice of the documents on appeal. (Evid. Code, § 459, subd. (a)(1) ["The reviewing court shall take judicial notice of . . . each matter properly noticed by the trial court; and . . . may take judicial notice of any matter specified in Section 452."].)

4

Crumpler also requests that we take judicial notice of transcripts from Montgomery's criminal trial and sentencing in Texas. These documents were not before the trial court and do not fall within the categories *requiring* judicial notice under Evidence Code section 451. Although we may exercise our discretion to take judicial notice of the Texas court proceedings (Evid. Code, § 452(d)(2)), we decline to do so. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 ["Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. . . . No exceptional circumstances exist that would justify deviating from that rule . . . ."].)

## II. *Trial Court's Finding on Reasonability of Crumpler's Beliefs*

Crumpler argues the trial court erred in finding her beliefs regarding the molestation were unreasonable. We disagree.

"When the trial court has resolved a disputed factual issue, the appellate courts review the ruling according to the substantial evidence rule. If the trial court's resolution of the factual issue is supported by substantial evidence, it must be affirmed." (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.) In determining whether the evidence is sufficient to support the superior court's factual findings, we are required to view the facts in the light most favorable to the prevailing party. (See *Washington v. Farlice* (1991) 1 Cal.App.4th 766, 771–772.) Further, on appeal, "'"[W]e have no power to judge . . . the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable

5

inferences that may be drawn therefrom."'" (*White v. Inbound Aviation* (1999) 69 Cal.App.4th 910, 927 (*White*).)

Here, Crumpler challenges the trial court's finding that she unreasonably disbelieved her daughters when they stated nothing happened with their father. However, the trial court's finding is supported by substantial evidence. The evidence demonstrated that Annisha and Alicia consistently told Crumpler that nothing happened when Crumpler repeatedly questioned them about Montgomery. Despite her daughters' repeated denials, Crumpler insisted that she was told differently by the state of Texas. Crumpler argues, however, that her beliefs were reasonable because Annisha and Alicia acted ashamed and fearful when she questioned them. Crumpler is essentially asking this court to reweigh the evidence. As we have already noted, we do not reweigh evidence or determine if other inferences more favorable to the defendant could have been drawn from it. (*White*, *supra*, 69 Cal.App.4th at p. 927.)

Further, although Annisha and Alicia somewhat changed their story at the trial in this case, they also stated they were angry with Montgomery and were there to support their mother. Accordingly, the trial court discredited their trial testimony. On appeal, we do not reevaluate the credibility of witnesses. (*White*, *supra*, 69 Cal.App.4th at p. 927.) Where, as here, the trial court's finding is supported by substantial evidence, we will not disturb it on appeal.

### III. *Exclusion of Criminal Trial Testimony*

Crumpler contends the trial court abused its discretion by excluding certain testimony from Montgomery's criminal trial. Specifically, Crumpler argues the trial court

6

should have permitted her counsel to question Montgomery regarding the testimony of Rockwell, Newbold and Nichols at Montgomery's criminal trial and about statements Montgomery made during his sentencing allegedly suggesting he believed incest was permissible in certain situations. We reject Crumpler's arguments.

We review a court's decision to exclude evidence for abuse of discretion and will reverse only if there is a clear showing of an abuse of discretion. (*Tudor Ranches, Inc. v. State Comp. Ins. Fund* (1998) 65 Cal.App.4th 1422, 1431.) A trial court abuses its discretion if it exceeds the bounds of reason (*ibid*.); however, even where evidence has been erroneously excluded, the judgment or decision shall not be reversed unless the reviewing court believes the error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13; Evid. Code, §§ 353, 354.) "'"[A] 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error."'" (*Pool v. City of Oakland* (1986) 42 Cal.3d 1051, 1069 (*Pool*).)

At trial, Crumpler sought to question Montgomery regarding the testimony against him at his criminal trial. Crumpler argued the evidence was relevant to show Crumpler's actions were not a substantial factor in causing Montgomery's conviction because several witnesses testified against him. The trial court ruled Crumpler could not question Montgomery about what other witnesses testified to at the criminal trial, but could question Montgomery about his own testimony in that trial.

7

On appeal, Crumpler asserts the excluded evidence regarding testimony at Montgomery's criminal trial was relevant to show she reasonably believed that Montgomery had molested their daughters. Although Crumpler arguably forfeited this argument by failing to raise it below, we nevertheless reject it on the merits because she failed to show it was reasonably probable she would have obtained a more favorable result if the evidence was admitted. (*Pool*, *supra*, 42 Cal.3d at p. 1069.) First, despite Crumpler's argument, the trial court permitted significant testimony regarding Montgomery's criminal trial. Specifically, Montgomery stated that Rockwell, Newbold and Nichols testified against him at his criminal trial and he believed Rockwell and Newbold lied when they testified that he walked around naked in front of his children and made inappropriate sexual comments. Accordingly, the trial court was aware of the testimony against Montgomery in his criminal trial. Further, as we already explained, substantial evidence supported the trial court's finding that Crumpler's beliefs were unreasonable. (*Ante*, part II.) Based on the totality of the evidence, we conclude it is not reasonably probable Crumpler would have obtained a more favorable result if the trial court had ruled differently regarding witness testimony at the criminal trial.

Crumpler also argues the trial court abused its discretion by excluding evidence of statements Montgomery made during his sentencing that allegedly suggested he believed incest was permissible in certain situations. Crumpler again asserts the evidence was relevant to show her beliefs were reasonable. We conclude the trial court did not abuse its discretion in excluding the evidence. The evidence was not relevant to Crumpler's beliefs, especially where no evidence suggested that Crumpler was aware of

8

Montgomery's alleged views on incest prior to his criminal sentencing. Significantly, during the relevant time period prior to Montgomery's criminal trial, Annisha and Alicia continuously told Crumpler that nothing happened, yet Crumpler did not believe them. Montgomery's statements at his sentencing hearing had nothing to do with Crumpler's beliefs prior to the criminal trial.

In sum, we reject Crumpler's argument that the trial court abused its discretion by excluding evidence from Montgomery's criminal trial.

#### IV. *Continuation of Montgomery's Criminal Trial*

Crumpler argues the trial court erred in finding she caused the continuation of Montgomery's criminal trial. Specifically, she asserts (A) the trial court failed to consider the pressure exerted by Nichols on Annisha and Alicia to testify at the criminal trial, and (B) the trial court erred in finding she had a duty to report her daughters' statements that "nothing happened" to the Texas district attorney.

A. Alleged Failure to Consider Evidence

Crumpler contends the trial court erred in finding she continued Montgomery's criminal prosecution because the evidence showed it was Nichols, rather than Crumpler, who coerced Annisha's and Alicia's testimony. This argument asks us to reweigh the evidence, which we will not do on appeal. (*White*, *supra*, 69 Cal.App.4th at p. 927.) "'The test is not whether there is substantial conflict in evidence but whether there is substantial evidence in favor of the respondent.'" (*Harland v. State of California* (1977) 75 Cal.App.3d 475, 482–483.)

Here, there was substantial evidence that Crumpler coerced her daughters' testimony at Montgomery's criminal trial. Most notably, in 2007, Alicia submitted an affidavit to the Texas court stating her testimony in Montgomery's criminal trial was "influenced and encouraged . . . by [her] mother and other people." When she submitted that affidavit, she was almost 28 years old. Additionally, the evidence demonstrated Crumpler continued to question her daughters about Montgomery's behavior with them even though they repeatedly told Crumpler nothing happened. Although there was also evidence that Nichols pressured Annisha and Alicia, substantial evidence supported the court's finding that Crumpler coerced her daughters. Accordingly, we reject Crumpler's argument.

## B. Duty to Report

Crumpler contends the trial court erred in finding she had a duty to report her daughters' statements that "nothing happened" with Montgomery to the Texas district attorney because the prosecuting agency determined after its independent investigation that her claims were supported by probable cause. Montgomery argues, however, that Crumpler relied on an "advice of counsel" defense at trial and could only do so if she made a full and honest disclosure of all important facts to counsel. As we shall explain, we reject Crumpler's argument.

To establish a malicious prosecution action, the plaintiff must prove the prior action was (1) brought or continued without probable cause, (2) initiated with malice, and (3) pursued to a legal termination in his or her favor. (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965–966 (*Zamos*); see *Padres L.P. v. Henderson* (2003) 114 Cal.App.4th 495, 513.)

10

"When, as here, the claim of malicious prosecution is based upon initiation of a criminal prosecution, the question of probable cause is whether it was objectively reasonable for the defendant . . . to suspect the plaintiff . . . had committed a crime." (*Ecker v. Raging Waters Group, Inc.* (2001) 87 Cal.App.4th 1320, 1330.)  A defendant may be liable for malicious prosecution where the evidence supports a finding that the defendant "instigated the prosecution without probable cause," and that he was the "inducing cause of the arrest and prosecution."  (*Sandoval v. Southern Cal. Enterprises, Inc.* (1950) 98 Cal.App.2d 240, 248 (*Sandoval*).)  "[C]ontinuing to prosecute a lawsuit discovered to lack probable cause" may also support a claim for malicious prosecution. (*Zamos*, *supra*, 32 Cal.4th at p. 973.)

The malice element of the malicious prosecution tort goes to the defendant's subjective intent in initiating the prior action.  (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 874 (*Sheldon Appel*).)  The mere absence of probable cause without more "is not sufficient to demonstrate malice."  (*Downey Venture v. LMI Ins. Co*. (1998) 66 Cal.App.4th 478, 498–499, fn. 29.)  For purposes of a malicious prosecution claim, malice "is not limited to actual hostility or ill will toward the plaintiff.  Rather, malice is present when proceedings are instituted primarily for an improper purpose." (*Sierra Club Foundation v. Graham* (1999) 72 Cal.App.4th 1135, 1157 (*Sierra Club*).)

Reliance on the advice of counsel can negate the malice and probable cause elements and provide a complete defense to a malicious prosecution action unless the defendant fails to reveal to the prosecuting officer known or ascertainable material facts. (See *Mabie v. Hyatt* (1998) 61 Cal.App.4th 581, 598; *Perry v. Washington National Ins.*

11

*Co.* (1936) 14 Cal.App.2d 609, 618–619.)   Crumpler denies relying upon an "advice of counsel" defense at trial.  Instead, she argues she is not liable for malicious prosecution because the prosecuting agency determined after its independent investigation that her claims were supported by probable cause.   We are not convinced by Crumpler's argument.

As an initial matter, we note that contrary to Crumpler's assertion, the trial court did not find she had a *duty* to report her daughters' statements to the district attorney.  Rather, the trial court used Crumpler's nondisclosure as *one factor* supporting its findings on the probable cause and malice elements of malicious prosecution.  We find no error in the trial court's reliance on Crumpler's failure to report her daughters' statements to support the court's findings.  Such nondisclosure of material facts may show defendant was not acting in good faith (see *Scrivani v. Dondero* (1900) 128 Cal. 31, 33–34) and is thus relevant to probable cause and malice.  Further, the evidence supported a finding that Crumpler was the "inducing cause of the arrest and prosecution" (*Sandoval*, *supra*, 98 Cal.App.2d at p. 248) and that she caused the continuation of the prosecution by coercing her daughters.

While it is true that "in most cases, a person who merely alerts law enforcement to a possible crime and a possible criminal is not liable if, law enforcement, on its own, after an independent investigation, decides to prosecute" (*Williams v. Hartford Ins. Co.* (1983) 147 Cal.App.3d 893, 898), the facts in this case go beyond merely instigating the criminal proceedings.  Whether or not Crumpler reported her daughters' statements to the district attorney, she continued the criminal action by influencing her daughters.  Crumpler

12

refused to believe her daughters when they said "nothing happened," and instead told them she was told differently by the state of Texas. Additionally, Annisha and Alicia confirmed other people encouraged them to testify falsely in the criminal trial. Annisha specified that one of those people was her mother. Thus, this is not a case where Crumpler can rely on the prosecuting agency's independent investigation to relieve her of liability.

## V. *Malice*

Crumpler argues the evidence did not support a finding of malice because there was no direct evidence that her primary motive was to retaliate against Montgomery.

As we previously explained, the malice element of malicious prosecution focuses on the defendant's subjective intent in initiating the prior action (*Sheldon Appel*, *supra*, 47 Cal.3d at p. 874) and is not limited to actual hostility or ill will toward the plaintiff (*Sierra Club*, *supra*, 72 Cal.App.4th at p. 1157). Whether malice exists presents a factual question and its proof may be inferred from all the circumstances of the case. (*Sheldon Appel*, *supra*, 47 Cal.3d at p. 874.)

Here, substantial evidence supported the trial court's finding of malice. The evidence showed that Crumpler was deeply hurt and angry as a result of Montgomery leaving her and taking the children with him. Crumpler explained she felt Montgomery "stabbed [her] in the back." Further, Alicia stated that she believed Crumpler harbored resentment toward Montgomery and Crumpler "wanted to believe all of this horrible stuff happened . . . so it could be something that she could hold onto." Based on this evidence, the trial court could reasonably infer Crumpler acted with malice.

13

## VI. *Damages*

In a convoluted argument, Crumpler contends the trial court erred in finding she caused Montgomery to suffer damages because the evidence did not demonstrate the Texas district attorney would have terminated the criminal case if advised of Annisha's and Alicia's statements that nothing happened with Montgomery. We reject this argument.

Montgomery was not required to show the district attorney would have terminated the criminal case if informed about his daughters' statements denying the abuse. Rather, he was required to prove Crumpler was actively involved in causing or continuing Montgomery's prosecution, the criminal proceeding terminated in his favor, and Crumpler's actions were a substantial factor in causing him harm. (CACI No. 1500.) First, as we already explained, there was substantial evidence to support a finding that Crumpler caused or continued the prosecution. (*Ante*, part IV.) Second, the parties stipulated that the criminal proceeding ended in Montgomery's favor. Lastly, the evidence demonstrated Crumpler's actions were a substantial factor in causing Montgomery harm because she coerced and encouraged her daughters' false testimony at the criminal trial.

To support her argument that she did not cause Montgomery's damages, Crumpler also rehashes her contention that the trial court erred in excluding testimony from Montgomery's criminal trial. We reject this argument (*ante*, part III).

14

DISPOSITION

The judgment is affirmed.  Montgomery is entitled to costs on appeal.


McINTYRE, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.

15