FILED

NOT FOR PUBLICATION

MAY 16 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GEORGE MINDIOLA WUSSTIG, | No. 14-55902 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05901-SVW-E |
| v. | |
| LONG BEACH POLICE DEPARTMENT, Erroneously Sued As City of Los Angeles, | MEMORANDUM[*] |
| Defendant, | |
| And | |
| SHEA S. ROBERTSON, No. 6103; CITY OF LONG BEACH, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 2, 2016
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and GOULD, Circuit Judges and LEMELLE,[**] Senior District Judge.

Plaintiff George Wusstig appeals the district court's grant of summary judgment to Defendants Detective Shea Robertson, the Long Beach Police Department, and the City of Long Beach. He challenges only the district court's decisions denying his request for additional discovery time and rejecting his malicious prosecution claim. We affirm.

The district court did not abuse its discretion in declining Wusstig's request, pursuant to Federal Rule of Civil Procedure 56(d), for additional time to conduct discovery. In order to avail himself of Rule 56(d)'s protection, Wusstig had to show that (1) allowing additional discovery would have precluded summary judgment, and (2) he diligently pursued previous discovery opportunities. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006). Wusstig failed to satisfy either requirement. First, the additional discovery Wusstig sought — testimony "verify[ing] that the only information [the AUSAs] had identifying Mr. Wusstig as 'George' was the false 'identification' by defendant Robertson" — would not have precluded summary judgment. As explained below, in order to prevail on his malicious prosecution claim, Wusstig had to show

---

[**] The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

that Robertson acted with malice. Wusstig has not shown that the discovery he sought from AUSA Jayne Kim would provide evidence that Robertson acted maliciously. Second, Wusstig's attorney did not diligently seek discovery. Wusstig's attorney claimed he could not depose Kim because he was "embroiled in the litigation" of another case, but he admitted that he was only busy with this case from January 2014 until March 2014. Wusstig's attorney has provided no explanation for why he did not attempt to start taking the deposition of AUSA Kim during October, November, or December of 2013.

The district court properly granted summary judgment to the defendants on Wusstig's malicious prosecution claim. In order to prevail on his claim, Wusstig had to show that the government lacked probable cause to prosecute him. *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015). Wusstig does not contest that the government had probable cause to believe that the "George" on the wiretap recordings had violated federal drug laws. He argues only that the government lacked probable cause to believe that he was that "George." But, even though in hindsight everyone recognizes that the government arrested the wrong person, the government had probable cause to believe Wusstig was "George" given that Wusstig (1) has the same first name as "George," (2) has connections to "George's" associate, and (3) at least somewhat resembled "George." Wusstig did

-3-

not rebut the prima face case of probable cause established by the indictment. *See Williams v. Hartford Ins. Co.*, 195 Cal. Rptr. 448, 452 (Cal. Ct. App. 1983) ("[T]he fact of the Grand Jury indictment gives rise to a prima facie case of probable cause, which the malicious prosecution plaintiff must rebut.").

Wusstig's malicious prosecution claim also independently fails because he did not present sufficient evidence to create a triable issue of fact as to whether Robertson acted with malice in pursuing Wusstig's prosecution. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Beyond the fact that Robertson was wrong in his identification of Wusstig as "George," Wusstig identifies no evidence to suggest that Robertson acted "primarily for an improper purpose." *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting *Sierra Club Found. v. Graham*, 85 Cal. Rptr. 2d 726, 739–40 (Cal. Ct. App. 1999)).

**AFFIRMED.**