Filed 9/5/24  Rivera v. Cervantes CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| LUIS RIVERA, | B328363 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC679846) |
| v. | |
| ISRAEL CERVANTES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge.  Affirmed.

John Sullivan for Defendant and Appellant.

Thomas W. Kielty for Plaintiff and Respondent.

Appellant Israel Ramirez Cervantes reported to police that respondent Luis Rivera stole Cervantes's car. Police recovered the car from Rivera, who had registered the car in his name. Rivera was arrested and charged with grand theft auto, forgery, and filing a false affidavit. Rivera proceeded to jury trial, at which Cervantes testified. The jury acquitted Rivera on two charges and hung in favor of acquittal on the third, which the prosecution later dismissed.

Rivera subsequently brought a malicious prosecution claim against Cervantes. The claim proceeded to a bench trial, at which Cervantes did not appear and no court reporter was present. After the trial, the trial court issued a statement of decision crediting Rivera's testimony, entered judgment in favor of Rivera, and awarded him $270,000.

In this appeal, Cervantes contends the trial court erred as a matter of law by concluding that Cervantes lacked probable cause when he reported the car stolen and that the criminal proceedings against Rivera ended favorably to Rivera. He further contends the trial court improperly disregarded his affirmative defense of independent police investigation, both at summary judgment and at trial. We affirm.

## FACTUAL BACKGROUND

From the outset, this matter has been a "he-said, he-said" case: Cervantes's and Rivera's stories about how Rivera came into possession of the car are wildly divergent. However, Cervantes failed to appear at the bench trial of Rivera's malicious prosecution claim, so the trial court heard only plaintiff Rivera's side of the story. We take the now-uncontested facts from the statement of decision, which recognizes that "[t]here might be more to Defendant's version of this incident, but the Court was

2

not presented this evidence because Defendant never appeared for the trial." We omit the trial court's record citations and footnotes.

"Defendant was infatuated with Cynthia, a dancer he met while frequenting a bikini bar near his home. To curry favor, or pay her for bringing stripper friends to his home for a private party, Defendant gave her a 2002 Mercedes on 6/4/17 and included the signed documentation needed to register the vehicle with the DMV. Defendant sought a more serious relationship with Cynthia.

"Cynthia did not share in the sentiment. She gave the car to Plaintiff who drove her around in it and registered it under his own name with the DMV on 7/21/17. After 111 desperate unanswered texts to Cynthia, Defendant concluded he wanted the car back.

"After a series of texts demanding return of the vehicle under threat of calling the police, Defendant attempted to report the car stolen but police would not take a report because he was not the registered owner, Mayra Murillo was. Defendant and Ms. Murillo went to report the car stolen and later filed an insurance claim. Ms. Murillo testified she was Defendant's girlfriend, but she was clearly in the dark about many details and believed Defendant's concocted story about meeting Plaintiff in a bar and giving him the car to fix a check engine light. Ms. Murillo also testified the signatures on the DMV transfer documents were not hers. However, the distinct way she signed her 'M' leads one to believe the forger knew her signature. Ms. Murillo testified she had never seen nor spoken to Plaintiff.

"Plaintiff was arrested on 9/12/17 and charged in Count 1 with Penal Code §118(a) [*sic*], perjury by declaration, Count 2

3

with Penal Code §487(d)(1), grand theft auto, and Count 3 with Penal Code §470(b)/473(a), forgery relating to identity theft.

"Defendant testified against Plaintiff at the preliminary hearing and maintained this 'mechanic I met in a bar' story during the jury trial in January 2019. Plaintiff was found not guilty in Counts 1 & 2, and the jury hung on the forgery count 8-4 for not guilty.  The case was set for retrial in March 2019, however on the first day of 402 motions in limine, the deputy [*sic*] District Attorney declined to prosecute and dismissed.  Plaintiff testified he spent a total of 11 days in jail before being able to post the $7,000 premium for the $70,000 bail, incurred $100,000 in attorney fees, and spent a year and half of his life with anxiety over whether he would be wrongfully convicted and possibly sentenced to state prison."

Cervantes denied knowing Cynthia, aka Esmeralda Gonzales/z, until she came with Rivera to pick up the car. Cervantes provided police with some of the text messages in which he asked Rivera for the car back; he did not provide them with the 111 messages to Cynthia predating his alleged first time meeting her, which came up during cross-examination at the criminal trial.  Deposition testimony submitted at summary judgment indicates that the prosecutor decided not to pursue the forgery charge against Rivera even though Rivera admitted to falsifying Murillo's signature on the DMV forms due to concerns about Cervantes's credibility.

**PROCEDURAL HISTORY**

Rivera filed his initial complaint against Cervantes in October 2017, shortly after his arrest; he asserted a single cause of action for fraud and deceit based on intentional misrepresentation.  Rivera subsequently amended the complaint

4

several times and ultimately filed the operative fourth amended complaint on June 16, 2021. Malicious prosecution was the sole cause of action asserted in the fourth amended complaint.

Cervantes moved for summary judgment. In the motion, he argued that Rivera was prosecuted after an independent police investigation, which revealed the title transfer documents that formed the basis of the perjury and forgery charges. Cervantes asserted that he and Murillo were unaware those documents existed when they reported the car stolen. He also asserted that he had an objectively reasonable suspicion that Rivera committed a crime, Murillo was the one who actually filed the police report, and the criminal proceedings did not end favorably for Rivera since the jury hung on one count. Rivera opposed the motion.

The trial court denied the motion for summary judgment after a hearing at which no court reporter was present. As relevant here, the court found that Cervantes's "own evidence establishes that he was instrumental in the arrest and prosecution" of Rivera, and that Rivera "was not convicted of any crime." The court further concluded that "even setting aside these deficiencies, it is clear that a triable issue of material fact exists as to whether or not Defendant procured Plaintiff's arrest and prosecution from malicious motives and without probable cause."

Both Rivera and Cervantes subsequently filed trial briefs. Cervantes reiterated the arguments he made at summary judgment, including his contention that law enforcement's independent investigation of Rivera absolved Cervantes of any liability for malicious prosecution. Cervantes also requested a statement of decision pursuant to Code of Civil Procedure section 632. He specifically asked the court to address three issues: (1)

5

"Whether the criminal proceedings against Plaintiff Luis Rivera ("Rivera") was commencement [*sic*] by or at the direction Cervantes [*sic*]"; (2) "Whether the judicial proceeding ended favorably to Rivera"; and (3) "Whether Cervantes lacked probable cause to suspect a crime had been committed."

The court heard the matter at a bench trial on September 6 and 7, 2022. Cervantes did not appear, though both his counsel and Murillo did. Rivera testified and the court admitted his exhibits without objection from Cervantes's counsel. The exhibits included Cervantes's cell phone records and text messages, DMV records, "exemplars" of Murillo's signature, and the police report and felony complaint filed against Rivera. None of the exhibits is in the appellate record, and there is no reporter's transcript of the trial.

On September 9, 2022, the court filed the statement of decision quoted at length above. The statement of decision also set forth law related to malicious prosecution claims, including the elements of the cause of action as set forth in CACI No. 1500. It additionally included the following analysis of those elements: "The evidence presented shows Plaintiff's [*sic*] 'active involvement' by his false reporting of a vehicle theft to the police and false testimony during the preliminary hearing and jury trial. Plaintiff cannot get any more favorable ending in a criminal matter than acquittals and a dismissal. There was no reasonable belief there were grounds for causing Plaintiff's arrest and prosecution. While it is impossible to know Defendant's mindset, it is clear he acted out of jealousy, a broken heart, or an attempt to salvage his relationship with his girlfriend Ms. Murillo, but definitely not to bring forth justice. Plaintiff suffered substantial harm in both [*sic*] liberty, expenses, and anxiety over

6

having to go through a jury trial and face prison incarceration, and all of this was caused by Defendant's conduct." The court awarded Rivera $100,000 in damages for the attorney fees he incurred during the criminal trial, $70,000 for the 11 days' incarceration and posting of bail, and $100,000 in emotional distress damages. There is no indication in the record that either party made "proposals as to the content of the statement of decision." (Code Civ. Proc., § 632.)

The court entered judgment on January 30, 2023. Cervantes timely appealed.

## DISCUSSION

### I. Standard of Review

"In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo. [Citation.] We apply a substantial evidence standard of review to the trial court's findings of fact." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981 (*Thompson*).) Our review is deferential; we consider the evidence in the light most favorable to the prevailing party, liberally construe factual findings to support the judgment, and draw all reasonable inferences in support of the findings. (*Ibid.*)

Moreover, the doctrine of implied findings requires us to infer all factual findings necessary to support the judgment. (*Thompson, supra*, 6 Cal.App.5th at p. 981; *Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 58 (*Fladeboe*).) This doctrine "is a natural and legal corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of proving an adequate record and affirmatively proving

7

error." (*Fladeboe, supra*, 150 Cal.App.4th at p. 58.) Code of Civil Procedure sections 632 and 634 "set forth the means by which to avoid application of these inferences in favor of the judgment. When the court announces its tentative decision, a party may, under section 632, request the court to issue a statement of decision explaining the basis of its determination, and shall specify the issues on which he [or she] is requesting the statement; following such a request, the party may make proposals relating to the contents of the statement." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "Thereafter, under section 634, the party must state any objection he [or she] may have to the statement in order to avoid an implied finding on appeal in favor of the prevailing party. The section declares that if omissions or ambiguities in the statement are timely brought to the trial court's attention, the appellate court will not imply findings in favor of the prevailing party. The clear implication of this provision, of course, is that if a party does not bring such deficiencies to the trial court's attention, he [or she] waives his [or her] right to claim on appeal that the statement was deficient in these regards, and hence the appellate court will imply findings to support the judgment." (*Ibid.*, footnote omitted.)

## II. Governing Law

"Malicious prosecution 'consists of initiating or procuring the arrest of another under *lawful process* but from *malicious motives* and *without probable cause*.'" (*Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710, 720 (*Sullivan*), emphases in original.) "The remedy of a malicious prosecution action lies to recompense the defendant [in the maliciously prosecuted proceeding] who has suffered out of pocket loss in the form of attorney fees and costs, as well as emotional distress and injury

to reputation because of groundless allegations made in pleadings which are public records." (*Sagonowsky v. More* (1998) 64 Cal.App.4th 122, 132.) To prove a cause of action for malicious prosecution of a criminal proceeding, the plaintiff must demonstrate that the criminal proceeding was (1) commenced by or at the direction of the defendant; (2) initiated without probable cause; (3) initiated with malice; and (4) concluded in plaintiff's favor. (*Greene v. Bank of America* (2015) 236 Cal.App.4th 922, 931 (*Greene*).)

"Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime." (*Sullivan*, *supra*, 12 Cal.3d at p. 720.) "'The test is whether the defendant was actively instrumental in causing the prosecution.'" (*Ibid.*) Responding to law enforcement inquiries during an existing investigation or "merely giving testimony" at a preliminary hearing or trial generally are not sufficient to give rise to liability for malicious prosecution. (*Zucchet v. Galardi* (2014) 229 Cal.App.4th 1466, 1482.) Thus, "'in most cases, a person who merely alerts law enforcement to a possible crime . . . is not liable if [ ] law enforcement, on its own, after an independent investigation, decides to prosecute.'" (*Cox v. Griffin* (2019) 34 Cal.App.5th 440, 452, quoting *Williams v. Hartford Ins. Co.* (1983) 147 Cal.App.3d 893, 898.) But "'knowingly giving false information to the police'" and ratifying that information through testimony "'constitutes advising or assisting another to begin the proceeding.'" (*Williams v. Hartford Ins. Co.*, *supra*, 147 Cal.App.3d at p. 898.)

9

A criminal proceeding is initiated with probable cause where it is objectively reasonable for the defendant to suspect the plaintiff has committed a crime.  (*Greene, supra*, 236 Cal.App.4th at p. 931.)  The trial court must determine "'whether, on the basis of the facts known to the defendant, the institution of the prior action was legally tenable.  The resolution of that question of law calls for the application of an *objective standard* to the facts on which the defendant acted.'"  (*Ecker v. Raging Waters Group, Inc.* (2001) 87 Cal.App.4th 1320, 1330.)  A criminal proceeding is initiated with malice where the defendant "'had no substantial ground for believing in the plaintiff's guilt, but, nevertheless, instigated proceedings against the plaintiff.'"  (*Greene v. Bank of America* (2013) 216 Cal.App.4th 454, 464.)  Malice ""'is not limited to actual hostility or ill will toward the plaintiff."'"  (*Ibid.*)

Finally, "to establish malicious prosecution of a criminal proceeding, the plaintiff must demonstrate the action was pursued to a legal termination in his or her favor."  (*Susag v. City of Lake Forest* (2002) 94 Cal.App.4th 1401, 1411.)  If the proceeding terminates other than on the merits, "the court must examine the reasons for termination to see if the disposition reflects the opinion of the court or the prosecuting party that the action would not succeed.  If resolution of the underlying action leaves a residue of doubt about the plaintiff's innocence or liability, it is not a favorable termination sufficient to support a cause of action for malicious prosecution."  (*Sierra Club Foundation v. Graham* (1999) 72 Cal.App.4th 1135, 1149.)  The dismissal of charges or voluntary dismissal of an action "permits the inference that the complaint was without merit."  (*Sagonowsky v. More, supra*, 64 Cal.App.4th at p. 128.)

### III. Analysis

#### A. Probable Cause

Cervantes first contends that the court erred as a matter of law by concluding he lacked probable cause when he reported the car stolen. He asserts that even accepting the court's factual findings as true, he "had an objectively reasonable basis for reporting Rivera stole the vehicle that was not 'completely without merit,'" namely that he wanted the car back, and "its [*sic*] not objectively unreasonable that a vehicle not being returned would amount to a theft." We disagree.

The trial court found that Cervantes voluntarily gave the car to Cynthia, along with documentation to register the car with the DMV. It further found that after Cervantes decided he wanted the car back, and Cynthia and/or Rivera would not return it, he "concocted" and reported to police a false story about giving the car to Rivera for repairs. Given the facts known to Cervantes at the time he and Murillo made the police report—that he gave the car and its paperwork to Cynthia—he had no substantial or objective basis to believe Rivera stole the car or committed any other crime.

#### B. Favorable Termination

Cervantes next contends the trial court erred by finding that the criminal proceedings terminated in Rivera's favor. He argues that "Rivera not being acquitted on one count should compel a finding that the proceeding did not end in Rivera's favor because he was not acquitted on all counts." He asserts that there is doubt as to Rivera's innocence on the forgery charge, because four jurors voted to convict and "[t]here is no 100% innocent explanation as to why Rivera would sign DMV documentation that Rivera bought the car from Murillo if

11

Cynthia had given him the vehicle as Rivera claims and the trial court found." Cervantes also points to deposition testimony from the prosecutor, introduced at summary judgment but seemingly not admitted at trial, that the prosecutor did not believe Rivera to be innocent.

As the trial court succinctly stated, Rivera "cannot get any more favorable ending in a criminal matter than acquittals and a dismissal." Even if the prosecutor did not believe Rivera was factually innocent, his dismissal of the forgery charge clearly "reflects the opinion of . . . the prosecuting party that the action would not succeed" and leaves no "residue of doubt" that Rivera should not be held criminally liable for the alleged conduct. (*Sierra Club Foundation v. Graham*, *supra*, 72 Cal.App.4th at p. 1149.) The dismissal of charges "permits the inference that the complaint was without merit" (*Sagonowsky v. More*, *supra*, 64 Cal.App.4th at p. 128), and the trial court did not err by drawing that inference here.

### C. Consideration of Independent Investigation

Cervantes finally contends that the court erred by "ignoring" his affirmative defense that he was not involved in initiating or commencing the criminal proceedings, because the prosecutor only brought charges against Rivera after independent investigation by law enforcement. He asserts that "based upon the undisputed facts," this "defense applies as a matter of law."

To the extent Cervantes argues the court erred by failing to address this defense in the statement of decision, the argument is waived due to his failure to (a) request the court make such a finding under Code of Civil Procedure section 632 and (b) alert the court to the alleged omission under Code of Civil Procedure

section 634.  (See *In re Marriage of Arceneaux, supra,* 51 Cal.3d at p. 1133.)  Cervantes's request for a statement of decision made no mention of an affirmative defense, and there is no indication that he asked the trial court to correct the alleged omission after the statement of decision was issued.  We accordingly apply the doctrine of implied findings to the extent it may be necessary to do so in light of the court's express findings that Cervantes was actively involved in the criminal proceedings by making a false report to police and then falsely testifying at both the preliminary hearing and the subsequent jury trial.

To the extent the argument may be preserved, it lacks merit.  The primary authority Cervantes cites in support of the defense, *Williams v. Hartford Ins. Co., supra,* 147 Cal.App.3d at p. 898, expressly states that "'knowingly giving false information to the police'" and ratifying that information through testimony "'constitutes advising or assisting another to begin the proceeding.'"  The trial court found Cervantes did exactly that.  Accordingly, any independent investigation by law enforcement does not absolve him of liability for malicious prosecution.

## DISPOSITION

The judgment is affirmed.  Rivera may recover his costs of appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, ACTING P. J.

We concur:

MORI, J.                                                    ZUKIN, J.

13